UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE FISHER,<br><br>  Plaintiff,<br><br>  v.<br><br>DIGITALOCEAN, LLC,<br><br>  Defendant. | Case No. 25-cv-02515-SK<br><br>**ORDER TO SHOW CAUSE** |

On March 30, 2025, Defendant DigitalOcean, LLC ("DigitalOcean") filed an answer and counterclaims against Plaintiff Danielle Fisher ("Fisher"). (Dkt. 10.) When Fisher failed to file a response to the counterclaims, DigitalOcean moved for entry of default. (Dkt. Nos. 13, 14.) The Clerk entered default against Fisher on April 22, 2025. (Dkt. No.16.) On April 24, 2024, DigitalOcean moved for entry of default judgment. (Dkt. No. 17.)

Fisher filed a document listed on the docket as an opposition to the motion for default judgment, but the opposition was only a declaration from Fisher's counsel. (Dkt. No. 23.) In its reply brief filed on May 15, 2025, Defendant pointed out that Plaintiff's counsel was not admitted to practice law in this District. That day, presumably in response to the reply brief, Plaintiff's counsel was admitted into this District. Thus, that means that Plaintiff's counsel filed the declaration in opposition to the motion for default judgment *before* counsel was admitted to practice law in this District, in violation of Northern District Civil Local Rule 11-1.[1]

On June 2, 2025, in advance of the hearing on DigitalOcean's motion for default judgment, the Court posted a notice of questions, including asking about Fisher's defense to DigitalOcean's counterclaims in light of Fisher's failure to provide any legal authority in opposition to the motion.

---

[1] N.D. Civ. L.R 11-1 provides, with certain exceptions that are not applicable here, that "an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District."

Again, in apparent response to the filing, Fisher later that day filed a belated opposition brief to the motion for default judgment and a declaration from counsel explaining that Fisher's opposition brief inadvertently had not been filed earlier. (Dkt. Nos. 29, 30.)

On June 9, 2025, Fisher failed to appear for the hearing on DigitalOcean's motion for default judgment. Therefore, the Court HEREBY ORDERS Fisher TO SHOW CAUSE why DigitalOcean's motion for default judgment should not be granted and why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In addition, Fisher's counsel shall SHOW CAUSE why monetary sanctions in the amount of $500 should not be imposed on Fisher's counsel personally and why the Court should not refer counsel to the Standing Committee for practicing law in this District when counsel was not admitted to the bar of this Court pursuant to Northern District Civil Local Rule 11-8. Fisher shall file a written response to this Order to Show Cause by no later than June 16, 2025.

The Court FURTHER ORDERS that by no later than June 11, 2025, Fisher's counsel shall provide a copy of this Order to Fisher and shall file a proof of service by no later than June 12, 2025.

**IT IS SO ORDERED**.

Dated: June 9, 2025

SALLIE KIM
United States Magistrate Judge