1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 DANIELLE FISHER,                                Case No.  25-cv-02515-SK

8              Plaintiff,

9       v.                                        ORDER ON MOTION FOR DEFAULT
                                                  JUDGMENT AND MOTION TO SET
10 DIGITALOCEAN, LLC,                             ASIDE DEFAULT

11              Defendant.                        Regarding Docket Nos. 17, 45

12        Now before the Court is the motion for default judgment filed by Defendant DigitalOcean,

13 LLC regarding its counterclaims and the motion to set aside default filed by Plaintiff Danielle

14 Fisher.  The Court deems these matters suitable for disposition without a hearing pursuant to Civil

15 Local Rule 7-1(b), and VACATES the August 25, 2025 hearing.  Having carefully considered the

16 parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES the

17 motion for default judgment and GRANTS the motion to set aside the entry of default against

18 Plaintiff on DigitalOcean's counterclaims.

19        Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default

20 for good cause.  The district court has discretion to determine whether a party demonstrates "good

21 cause."  *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969).  The Court's discretion is particularly

22 broad where a party seeks to set aside an entry of default rather than a default judgment.  *Mendoza*

23 *v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945 (9th Cir. 1986).  In evaluating whether a party has

24 demonstrated good cause, a district court may consider the following factors: (1) whether the

25 defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious

26 defense; and (3) whether setting aside the default would prejudice the plaintiff.  *TCI Grp. Life Ins.*

27 *Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v.*

28 *Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

United States District Court
Northern District of California

United States District Court
Northern District of California

1     Whenever "timely relief is sought . . . and the movant has a meritorious defense," a court

2 must resolve any doubt in favor of setting aside the default. *Mendoza v. Wight Vineyard Mgmt.,*

3 783 F.2d 941, 945-46 (9th Cir. 1986). As the Ninth Circuit has made clear, "judgment by default

4 is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

5 decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d

6 1085, 1091 (9th Cir. 2010). The party seeking to vacate the entry of default bears the burden of

7 demonstrating that these factors favor doing so. *TCI*, 244 F.3d at 696. However, that burden "is

8 not extraordinarily heavy." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015). "All

9 that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if

10 true, would constitute a defense: the question whether the factual allegation is true is not to be

11 determined by the court when it decides the motion to set aside the default. Rather, that question

12 would be the subject of the later litigation." *Id.* (cleaned up); *United States v. Signed Pers. Check*

13 *No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (burden of alleging a potentially

14 meritorious defense is "minimal").

15     The only disputed issue here is whether Plaintiff has a meritorious defense to

16 DigitalOcean's counterclaims for breach of contract and breach of her fiduciary duties by selling

17 too many shares in violation of the lock-up agreement. In her supplemental brief, Plaintiff raises

18 several potential defenses. She argues that DigitalOcean did not suffer any harm, that she signed

19 the lock-up agreement under duress, that disgorgement was not the proper remedy, that the lock-

20 up agreement was not a valid contract, and that she did not receive any consideration for signing

21 the lock-up agreement. DitigalOcean counters that none of these defenses are actually

22 meritorious. However, at this point, the Court finds that Plaintiff has sufficiently asserted

23 meritorious defenses to satisfy her minimal burden to set aside the entry of default. Whether

24 Plaintiff will ultimately succeed on any of her defenses is a matter the Court will not address in

25 determining whether to set aside the default. "Rather, that question would be the subject of the

26 later litigation." *Aguilar*, 782 F.3d at 1107.

27     Accordingly, the Court GRANTS Plaintiff's motion to set aside the entry of default. And

28 because the Court is granting the motion to set aside default, the Court DENIES DigitalOcean's

motion for default judgment on its counterclaims.

**IT IS SO ORDERED**.

Dated: August 19, 2025



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California