UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIELLE FISHER,

      Plaintiff,

      v.

DIGITALOCEAN, LLC,

      Defendant.

Case No. 25-cv-02515-SK

**ORDER ON PENDING MOTIONS AND CONTINUING CASE SCHEDULE**

Regarding Docket Nos. 116, 119, 121, 122, 128, 131, 134, 144

The Court held a hearing on June 1, 2026, and ruled on the pending discovery disputes. For clarity, the Court ORDERED as follows:

(1)    The Court DENIED all of Defendant's motions for sanctions filed in connection with these discovery disputes.

(2)    The Court DENIED Defendant's requests for telephonic conferences as MOOT.

(3)    The Court GRANTED Defendant's motion for a protective order from Plaintiff seeking to take "apex" depositions before exhausting other avenues of discovery. The "apex doctrine" is shorthand for analyzing a common situation in which a party attempts to depose an opponent's high-ranking officers before seeking information from other sources. The foundation for the apex doctrine is Federal Rule of Civil Procedure 26(c)(1), which provides that a court can, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense," and this power extends to preventing a deposition. *Apple, Inc. v. Samsung Electronics*, *Ltd*., 282 F.R.D. 259, 262-63 (N.D. Cal. 2012) (internal citation omitted). Courts understand the practical reality that there is a potential for abuse when parties seek a deposition of a high-ranking official. *Id*.

United States District Court
Northern District of California

The factors courts consider in determining whether an apex deposition can take place are "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id*. (citing *In re Google Litig.*, 2011 WL 4985279, at *2, (N.D. Cal. Oct. 19, 2011).)

(4)    The Court DENIED Plaintiff's motion for a stay.

(5)    The Court GRANTED Defendant's motion to compel Plaintiff's deposition and to attend an independent medical examination.  By no later than July 31, 2026, Plaintiff must appear for a deposition in person and an independent medical examination in person.  Defendant shall do its best to work with Plaintiff to schedule the deposition and examination within the same week so that Plaintiff would only have to make one international trip.

(6)    The Court previously granted Plaintiff's motion to seal.  However, it appears as though Plaintiff did not serve copies of her motion, including all exhibits, on Defendant.  By no later than June 8, 2026, Plaintiff shall serve copies of these documents on Defendant.  Defendant shall treat these documents as confidential under the anticipated protective order as described below.

(7)    The Court previously granted Defendant's motion to compel Plaintiff's responses to Defendant's Requests for Production Numbers 18, 20, 86 through 90, and 92.  To the extent Plaintiff has documents in her possession that she has not produced to Defendant that are responsive to these requests for production of documents, she shall do so by no later than June 8, 2026.  Plaintiff may mark the documents she believes are confidential or she contends raise safety concerns as confidential.  Defendant shall treat these documents as confidential under the anticipated protective order described below.  If Defendant disagrees with Plaintiff's confidential designations, Defendant may follow the procedures under the anticipated protective order to challenge these designations.

(8)    The Court DENIED Defendant's motion to compel further responses to their

United States District Court
Northern District of California

Special Interrogatories Numbers 1 and 3.  This Order was without prejudice to Defendants seeking to obtain answers to these interrogatories through deposing Plaintiff.

Although not discussed at the hearing, the Court ORDERS the parties to meet and confer by no later than June 8, 2026, on providing the Court with a proposed protective order for confidential information.  As stated in the Court's Standing Order, the parties shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder).  If the parties are able to agree on the terms of a protective order for confidential information, by no later than June 11, 2026, Defendant shall file their stipulated protective order, along with one of the following: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.  If the parties are unable to agree, by no later than June 11, 2026, they each shall file their competing versions of a protective order along with the one of the following: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

The Court FURTHER ORDERS that the case schedule is CONTINUED as follows:

(1)    The deadline for all non-expert discovery is CONTINUED to January 15, 2027.

(2)    The deadline for initial expert disclosures is CONTINUED to January 29, 2027.

(3)    The deadline for rebuttal expert disclosures is CONTINUED to February 26, 2027.

(4)    The deadline for all expert discovery is CONTINUED to March 19, 2027.

(5)    The deadline for hearing dispositive motions is CONTINUED to June 7, 2027.  If the parties plan to file cross-motions for summary judgment, the parties shall meet

3

and confer and agree to a briefing schedule whereby:

- one party files an opening summary judgment motion by April 5, 2027;

- the other party shall file its opposition and cross-motion by April 19, 2027;

- the reply and opposition to the cross-motion is due by May 3, 2027; and

- the reply in support of the cross-motion is due by May 10, 2026.

(6)    The pretrial conference is CONTINUED to August 13, 2027.

(7)    The trial is CONTINUED to September 21, 2027;

This Order resolves all pending discovery disputes and motions.  If either party believes the Court failed to address an outstanding issue, they must meet and confer with the other party.  If the outstanding issue concerns a discovery dispute, the parties shall file a joint letter brief *after meeting and conferring* on such outstanding issues.  If the outstanding issue concerns a matter other than discovery that requires the Court's attention, the party seeking relief from the Court may file an appropriate motion *after meeting and conferring* on this issue.

**IT IS SO ORDERED**.

Dated: June 2, 2026

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4