UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIELLE FISHER,

          Plaintiff,

    v.

DIGITALOCEAN, LLC,

          Defendant.

Case No. 25-cv-02515-SK

**ORDER REGARDING PLAINTIFF'S MOTION TO ENFORCE ORDER AND COMPEL RESPONSES**

Regarding Docket No. 167

Now before the Court is the joint letter discovery brief regarding Plaintiff's motion to enforce the Court's previous order and to compel further responses from Defendant.  Plaintiff seeks to compel "complete supplemental responses" and "responsive documents" in response to Requests for Production of Documents 3-5, 8-14, 16, 18-20, 22; Interrogatories 6-12; and Requests for Admission 13-18, within five days. (Dkt. No. 168.) Plaintiff further requests that, if Defendant does not have responsive documents because they are held by third parties, the Court should require Defendant to identify the specific category of records, the custodian of those records, whether Defendant "has the contractual or practical ability to obtain them," and "the basis" for the contention that records are outside Defendant's "possession, custody, or control." (*Id*.)  Furthermore, Plaintiff requests an order compelling Defendant, if it claims that it is refusing to produce documents, that it explain whether the documents currently exist, previously existed but no longer exist, were deleted, destroyed, lost, overwritten, or transferred, are maintained by Morgan Stanley, Shareworks, Solium, or some other third party, or were never created.  (*Id*.)  Finally, Plaintiff seeks an order that any request made by Defendant be denied without prejudice, stayed or continued until Defendant has produced all documents in compliance with the Court's

April 16, 2026 Order.  (*Id*.)

The Court GRANTS the request to compel a further response to Interrogatory No. 6 but otherwise DENIES the remainder of Plaintiff's requests.

A. Interrogatories

The Court has reviewed Interrogatories 6-12 and finds that Defendant answered Interrogatories 7-12 adequately.  However, with respect to Interrogatory 6, the Court finds that Defendant did not provide a responsive answer.  Interrogatory 6 and the response are listed below:

> SPECIAL INTERROGATORY NO. 6: Describe each investigation performed concerning the Shareworks TRANSACTIONS associated with Plaintiff's account on May 24, 2021.

> RESPONSE TO SPECIAL INTERROGATORY NO. 6: Defendant objects to the defined term "TRANSACTIONS" as vague, ambiguous, and confusing, and reasonably construes that term to refer to Plaintiff's sale of 48,125 shares of DO stock on May 24, 2021. Subject to and without waiving the foregoing objections, and based on its reasonable interpretation of this Interrogatory, Defendant responds as follows: The May 24, 2021 Shareworks exercise report showed that Plaintiff sold 48,125 shares of DO stock on that day, which was 10,125 more shares than she was authorized to sell. Plaintiff admitted that she was responsible for the sale, including in a May 25, 2021 email she sent shortly after being terminated for cause.

(Dkt. No. 168-1.)  This response does not describe any investigation that Defendant undertook.  The Court ORDERS Defendant to provide an updated response by June 18, 2026.  However, the Court DENIES the motion to compel further responses to Interrogatories 7-12.

B. Requests for Admission

Plaintiff moves to compel further responses to Requests for Admission 13-18 does not explain why she believes that the responses are not adequate.  The Court reviewed the Requests for Admission 13-18 and finds that Defendant answered all of them adequately by either admitting or denying them.  Thus, the Court DENIES the motion to compel further responses to Requests for Admission 13-18.

C. Requests for Production of Documents

In responding to the Requests for Production of Documents, Defendant either agreed to produce responsive documents (Responses to Requests for Production of Documents 8, 13, 23), or

United States District Court
Northern District of California

United States District Court
Northern District of California

identified documents already produced that were responsive (Responses to Requests for Production of Documents 3, 4,5, 9, 16, 18, 19, 20, 22), or noted that Defendant had conducted a search and was not able to locate responsive documents (Responses to Requests for Production of Documents 10, 11, 12, 14).  Defendant did not withhold documents based on objections.

Rule 34 requires that a party who cannot comply with a request must state that a diligent search and reasonable inquiry have been made to locate the document and the reason why the party cannot comply:  i.e., the document never existed, was lost or stolen, was inadvertently destroyed, or is not in the possession, custody or control of the party.  *See Rutter Group Practice Guide:  Federal Civil Procedure before Trial*, ¶11:1913.  The Responses to Requests for Production of Documents 10, 11, 12, and 14 all state:  "Defendant has conducted a reasonable and diligent search and does not have any responsive documents in its possession, custody or control." (Dkt. No. 168-2 at pages 9 – 12).  Defendant has thus complied with Rule 34 in stating that responsive documents are not in its possession, custody, or control.  Thus, the Court DENIES the motion to compel further responses.

### D.  Additional Relief

Plaintiff also seeks "enforcement" of the Court's April 16, 2026 Order "because Defendant did not complete its court-ordered production by the May 14, 2026 deadline and instead completed production" on May 22-23, 2026.  (Dkt. No. 167 at page 3.)  Because Defendant completed its production, there is no need for enforcement.  The Court thus DENIES the request as MOOT.

Plaintiff also asks that the Court deny or stay any pending discovery-related motion, application, request, or request for sanctions until "defendant has full complied" with all discovery ordered by the Court in the April 16, 2026 Order.  The Court DENIES that request.

**IT IS SO ORDERED**.

Dated: June 16, 2026

SALLIE KIM
United States Magistrate Judge