UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIELLE FISHER,

          Plaintiff,

    v.

DIGITALOCEAN, LLC,

          Defendant.

Case No. 25-cv-02515-SK

**ORDER TO SHOW CAUSE REGARDING JURISDICTION**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the

United States District Court
Northern District of California

notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

Defendant removed this case on the basis of diversity jurisdiction, arguing that Plaintiff resides in California. (Dkt. No. 1.) In her opposition to Defendant's motion for a temporary restraining order, Plaintiff argues that subject matter jurisdiction is lacking because she is actually domiciled abroad, not in California. (Dkt. No. 201.) The presence of a United States citizen domiciled abroad defeats diversity jurisdiction. *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (presence of United States citizen domiciled in Mexico). As the Ninth Circuit explained in *Brady*, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Id*. (quoting *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989) (emphasis in original). The Ninth Circuit held that, because the defendant was a United States citizen who was domiciled in Mexico, he was "neither a citizen of a state nor an alien under 28 U.S.C. § 1332(a)(3)" and, thus, his presence in the lawsuit destroyed complete diversity. *Id*. (quotation marks omitted).

Therefore, the Court HEREBY ORDERS Defendant to show cause why this case should not be remanded to the Superior Court of California for the County of Alameda. Defendant shall file a response in writing to this Order to Show Cause ("OSC") by no later than July 24, 2026. Plaintiff may file a response by no later than July 31, 2026.

**IT IS SO ORDERED**.

Dated: July 14, 2026

_____
SALLIE KIM
United States Magistrate Judge

2