United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIELLE FISHER,
Plaintiff,
v.
DIGITALOCEAN, LLC,
Defendant.

Case No. 25-cv-02515-SK

**ORDER REMANDING CASE BASED ON LACK OF JURISDICTION**

As the Court previously noted, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Moreover, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Thus, the critical date for inquiry is the date of removal, *i.e.*, did diversity jurisdiction exist at the time Defendant removed this case.

On March 13, 2025, Defendant, contending that Plaintiff resides in California and that

Defendant is not a resident of California, removed this case on the basis of diversity jurisdiction. (Dkt. No. 1.) Plaintiff argues that this Court lacks subject matter jurisdiction over this action because she is and has been actually domiciled in a foreign country since the middle of 2021 and not in California. Thus, she argues that she was not domiciled in California when Defendant removed this action to this Court on March 13, 2025.

The presence of a United States citizen domiciled in a foreign country defeats diversity jurisdiction. *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (presence of United States citizen domiciled in Mexico). As the Ninth Circuit explained in *Brady*, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Id*. (quoting *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989) (emphasis in original). The Ninth Circuit held that, because the defendant was a United States citizen who was domiciled in Mexico, he was "neither a citizen of a state nor an alien under 28 U.S.C. § 1332(a)(3)" and, thus, his presence in the lawsuit destroyed complete diversity. *Id*. (quotation marks omitted).

Plaintiff has submitted declarations stating under penalty of perjury that, at the time this case was removed, she was domiciled abroad and had not lived in California since the middle of 2021. (Dkt. Nos. Dkt. No. 192-8, 230-2.) Defendant argues that Plaintiff submitted prior inconsistent statements under penalty of perjury stating that she resided in California and that those statements undermined her *prima facie* showing that she changed her domicile from California. (Dkt. No. 225, citing Dkt. No. 1 (verified Complaint) at ¶ 1 (Plaintiff was a resident of California "at all times relevant"), ¶ 6 ("Plaintiff worked out of her home in the city of Berkeley"), p. 25 (verified EEOC charge stating she resides in California); Dkt. No. 34 at p. 16 (verified EEOC charge providing California address); Dkt. No. 54 (First Amended Complaint) at ¶ 1 (Plaintiff was a resident of California "at all times relevant"), ¶ 6 ("Plaintiff worked out of her home in the city of Berkeley"), p. 75 (verified EEOC charge stating she resides in California).)

Plaintiff's complaints in this case were prepared and filed by her attorney. Plaintiff explains that she thought she was verifying that she lived in California "at all times relevant" and that the relevant times were up until her employment was terminated in May 2021. (Dkt. No. 230;

United States District Court
Northern District of California

Dkt. No. 230-2 (Declaration of Danielle Fisher) at ¶ 33.) With respect to the EEOC charges providing a California address, she provided that as contact information and did not intend it as a verification of her physical residence or legal domicile. (Dkt. No. 230; Dkt. No. 230-2 at ¶¶ 30, 31, 32.) Plaintiff did not live at that California address in March 2025. (Dkt. No. 230-2 at ¶ 30.)

Defendant has not submitted any evidence to the contrary or to otherwise demonstrated that Plaintiff actually was residing in California at the time of removal in March 2025. Because Defendant removed this action, the burden is Defendant's to demonstrate that Plaintiff was a California resident in March 2025. The Court finds that Defendant has not met this burden.

Therefore, the Court HEREBY REMANDS this action to the Superior Court of California in the County of Alameda. The Clerk is instructed to remand this case to the Alameda Superior Court and to close the file.

**IT IS SO ORDERED**.

Dated: August 3, 2026

Sallie Kim

SALLIE KIM
United States Magistrate Judge